```
         IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF TEXAS
                   AMARILLO DIVISION
```

DEMILEC (USA) INC.,            §
                               §
         Plaintiff,            §
                               §
VS.                            §   NO. 4:16-CV-585-A
                               §
STEVEN BOHANON,                §
                               §
         Defendant.            §

## VERDICT OF THE JURY

We, the jury, return our answers to the following Questions as our verdict in this case.

## Question 1

Do you find from a preponderance of the evidence that Steven Bohanon failed to comply with Section 3 of the January 2, 2012 Agreement, which is Exhibit 12, by disclosing, divulging, or using in any manner Demilec (USA) Inc.'s "Confidential Information"?

> You are instructed that the term "Confidential Information," as used in Question 1, has the following meaning:
>
> "Confidential Information" means all of Demilec (USA) Inc.'s confidential or proprietary information and training materials that exist now or that is developed or acquired in the future, including but not limited to the following:
>
>> i)   Any trade secrets, formulas, formulaic research, work product, training materials, processes, analyses, know-how, proprietary

     ideas, concepts, methodologies, and other similar types of intellectual property;

  ii) Advertising, marketing information and materials, product and services development information and other business practices;

  iii) client information, including, but not limited to, the names of clients or prospects, such as client and/or contacts lists, and the prices at which products and services are sold or offered for sale; and

  iv) Financial statements, business plans, strategies, forecasts, forecast assumptions and all other business and financial information.

  Confidential information does not include information that (i) is generally known in the spray-foam insulation industry, (ii) became known to the public through no wrongful act of Steven Bohanon, or (iii) Steven Bohanon can prove he rightfully possessed before it was disclosed to Steven Bohanon by Demilec (USA) Inc.

ANSWER: Answer "Yes" or "No":

Yes _____

No   X

## Question 2

Do you find from a preponderance of the evidence that Steven Bohanon disclosed a trade secret of Demilec (USA) Inc. without its express or implied consent, and that he used improper means to acquire knowledge of that trade secret?

  In answering Question 2, you are instructed that you will be guided by the following definitions:

2

      (a)    "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that:

            (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

            (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

      (b)    "Proper means" means discovery by independent development, reverse engineering unless prohibited, or any other means that is not improper.

      (c)    "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret, or espionage through electronic or other means.

ANSWER: Answer "Yes" or "No":

Yes   _____

No     X

If you have answered Question 2 "Yes," answer Question 3. Otherwise, go to Question 4.

3

Question 3:

Do you find from a preponderance of the evidence that the conduct of Steven Bohanon inquired about in Question 2 above was willful and malicious?

> In answering Question 3, you are instructed that for the conduct of Steven Bohanon to be willful and malicious you must find from a preponderance of the evidence that he intended by such conduct to injure Demilec (USA) Inc., and that such intent on his part may be established by evidence that he intentionally took action that necessarily caused, or was substantially certain to cause, injury to Demilec (USA) Inc.

ANSWER: Answer "Yes" or "No":

Yes  _____

No   _____

Question 4:

Do you find from a preponderance of the evidence that Steven Bohanon disclosed a trade secret of Demilec (USA) Inc. without its express or implied consent and after he acquired knowledge of that trade secret under circumstances giving rise to a duty to maintain its secrecy?

> In answering Question 4, you are instructed that you will be guided by the definitions of "trade secret," "proper means," and "improper means" that are set forth as a part Question 2 above.

4

ANSWER: Answer "Yes" or "No":

Yes _____

No   __X__

If you have answered Question 4 "Yes," answer Question 5. Otherwise, you go to Question 6.

Question 5:

Do you find from a preponderance of the evidence that the conduct of Steven Bohanon inquired about in Question 4 above was willful and malicious?

> In answering Question 5, you are instructed that for the conduct of Steven Bohanon to be willful and malicious you must find from a preponderance of the evidence that he intended by such conduct to injure Demilec (USA) Inc., and that such intent on his part may be established by evidence that he intentionally took action that necessarily caused, or was substantially certain to cause, injury to Demilec (USA) Inc.

ANSWER: Answer "Yes" or "No":

Yes _____

No  _____

Question 6:

Do you find from a preponderance of the evidence that Steven Bohanon acquired a trade secret of Demilec (USA) Inc. when he knew or had reason to know that he was doing so by improper means?

5

      In answering Question 6, you are instructed that you will be guided by the definitions of "trade secret," "proper means," and "improper means" that are set forth as a part Question 2 above.

ANSWER: Answer "Yes" or "No":

Yes _____

No   X

If you have answered Question 6 "Yes," answer Question 7. Otherwise, you do not need to answer Question 7.

Question 7:

Do you find from a preponderance of the evidence that the conduct of Steven Bohanon inquired about in Question 6 above was willful and malicious?

      In answering Question 7, you are instructed that for the conduct of Steven Bohanon to be willful and malicious you must find from a preponderance of the evidence that he intended by such conduct to injure Demilec (USA) Inc., and that such intent on his part may be established by evidence that he intentionally

6

took action that necessarily caused, or was
substantially certain to cause, injury to Demilec (USA)
Inc.

ANSWER: Answer "Yes" or "No":

Yes  _____

No   _____


2-14-17
_____
Date

_____
Foreperson

The foregoing is accepted as the verdict of the jury:

2/14/17
_____
Date

_____
JOHN McBRYDE
United States District Judge

7